# EXHIBIT 1

**IN THE CIRCUIT COURT**
**FOR THE FIRST JUDICIAL CIRCUIT**
**ORANGEBURG COUNTY, SOUTH CAROLINA**

| | |
|---|---|
| **JOHN FREDRICH LONGO;** | |
| **GREGORY KEVIN MARTIN ;** | |
| **LEON W HENDERSON ;** | |
| **EDWIN KEITH HEADRICK ;** | |
| **THOMAS LAWRENCE LEONARD ;** | **Civil Action No: _____** |
| **JEROME WESLEY KING II;** | |
| **BRYAN EUGENE KERR ;** | |
| **EDDIE RAY HARRIS ;** | |
| **GREG ALAN MCDANIEL ;** | |
| **CRAIG S. HELLING ;** | |
| **GEORGE FRANKLIN MASSEY ;** | |
| **AARON TODD KINDLESPARGER ;** | |
| **LEROY ELLSWORTH JONES ;** | |
| **IVOL HOWARD MIDDLETON SR.;** | |
| **PHILIP MICHAEL KORY ;** | |
| **JAMES IVY JOHNSON JR.;** | |
| **GERALD WAYNE KIRBY ;** | |
| **JAMES NOBLE JOHNSTON ;** | |
| **RONNIE ROY JONES ;** | |
| **TERRANCE PAUL JONES ;** | |
| **CARLOS J. HALDER ;** | |
| **WALTER WARREN MCGEHEE ;** | |
| **STEVEN F. HEDRICK ;** | |
| **JAMES DELL GRIFFETH ;** | |
| **GEORGE EDWARD JONES ;** | |
| **DAVID JOSEPH GUITARD ;** | |
| **EUGENE J. KOLL ;** | |
| **ROBERT BRUCE KELSO ;** | |
| **THOMAS JOEL MAYES ;** | **SUMMONS** |
| **GENARO  LONGORIA ;** | |
| **JOHN MICHAEL LADD ;** | |
| **MATTHEW SCOTT JENKINS ;** | |
| **HANS PETER LOEBLICH ;** | |
| **ALAN MARSHALL JONES ;** | |
| **RONALD NEWTON LOUGH ;** | |
| **KEITH J. JOINER ;** | |
| **DENNIS FREDERICK KNECHT ;** | |
| **GEORGE VANCE HOOPER ;** | |
| **ALLEN REIANHART HOFFER ;** | |
| **HOWARD ALAN LEEPER ;** | |
| **WILLIAM CRAIG GRAHAM ;** | |
| **MAC CHARLES JOINES ;** | |

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

KEITH RONALD LINDSAY ;
RUSSELL LITTLETON HOLLAND ;
WALTER BRENT KIRKLAND ;
STEPHEN THOMAS HIERRO ;
DAVID  HUMPHREY ;
JOHN ALLEN GIRARD ;
JERRY WAYNE LOGAN ;
ALAN PAUL HILKER II;
MARK HUBERT HUTCHINSON ;
WEBB FRANCIS JENKEL ;
TIMOTHY RAE HUNGERFORD ;
JAMES A. LUPER ;
DONALD W. HOGUE ;
GERALD ALBERT IADICICCO ;
MICHAEL WILLIAM GRAVES ;
ROY VELA LOZANO JR;
TIMOTHY E. GRANT ;
RAYMOND WARREN HARDIMON ;
THOMAS MARION MCBAIN ;
JACK ANTHONY MADONIA ;
JOSEPH ROBERT MADRID ;
MICHAEL WAYNE KOOGLER ;
MARK ALLAN GRIFFIN ;
KURT DAMIAN MCLAUGHLIN ;
BILL  HENRY ;
LEONARD THOMAS MASON ;
DONALD L. GRUBB ;
ROBERT TIMOTHY MAGUIRE ;
JOHN THOMAS MCAULIFFE ;
JEFFERY LYN HUFFMAN ;
JOHN MICHAEL KILEY ;
RICHARD LOUIS MALANOWSKI ;
GARY DWAYNE GRAHAM ;
MICHAEL TROY GLOVER ;
DWIGHT M. MERRIWEATHER ;
REX PHILLIP LEWIS ;
PARNELL  HERBERT ;
RUDETT WILLIE JOHNSON ;
ROGER ALLISON GRIMSRUD ;
FLOYD THEODORE JOHNSTON ;
JIMMIE ROGER LANE ;
DONALD E. MASTERS ;
DONALD ALOYS KLASEN ;
MICHAEL JAMES HIGGINS ;
DAVID BRUCE HUFFMAN ;
ARTHUR  HILL JR.;

2

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

**JAMES  JACHCIK ;**
**JOHN  JANAKAS ;**
**ROBERT ELIAS HASKELL ;**
**DONALD C. MILLER ;**
**ANTHONY  MESSINA ;**
**ALAN ROBERT MAYER ;**
**ROSS EDWARD MEDOS ;**
**JAMES MICHAEL LETT ;**
**DOUGLAS DEMOIREA HARRIS ;**
**JAMES G. LAUGHLIN ;**
**JOHN R. MAES ;**
**ROY LEE HANNAH ;**
**ALEX JOSEPH KALUZA ;**
**DOUGLAS RAY HUNDLEY ;**
**CHARLES WINFRED JOYNER ;**
**ELZARUS LEGRANDE HUNSAKER ;**
**CURTIS WAYNE JONES ;**
**WILLIAM KEITH HENDERSON ;**
**THOMAS MERLE MCDONALD JR.;**
**MARCOS ARANDA MENDOZA ;**
**PAUL ELBERT LASITER ;**
**KELLY GALEN LITTLETON ;**
**PATRICK MICHAEL KING ;**
**KARYN LYNN HOLT ;**


                    **Plaintiffs,**
**v.**

**3M COMPANY (f/k/a Minnesota**
**Mining and Manufacturing Company);**
**AGC CHEMICALS AMERICAS INC.;**
**AMEREX CORPORATION;**
**ARCHROMA U.S. INC.;**
**ARKEMA, INC.;**
**BUCKEYE FIRE EQUIPMENT**
**COMPANY;**
**CARRIER GLOBAL CORPORATION;**
**CHEMDESIGN PRODUCTS, INC.;**
**CHEMGUARD, INC.;**
**CHEMICALS, INC.;**
**CHEMOURS COMPANY FC, LLC;**
**CLARIANT CORP.;**
**CORTEVA, INC.;**
**DEEPWATER CHEMICALS, INC.;**

3

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

**DU PONT DE NEMOURS INC. (f/k/a**
**DOWDUPONT INC.);**
**DYNAX CORPORATION;**
**E.I. DU PONT DE NEMOURS AND**
**COMPANY;**
**KIDDE-FENWAL, INC.;**
**KIDDE PLC;**
**NATION FORD CHEMICAL COMPANY;**
**NATIONAL FOAM, INC.;**
**THE CHEMOURS COMPANY;**
**TYCO FIRE PRODUCTS LP, as**
**successor-in-interest to The Ansul Company;**
**UNITED TECHNOLOGIES**
**CORPORATION;**
**UTC FIRE & SECURITY AMERICAS**
**CORPORATION, INC. (f/k/a GE Interlogix,**
**Inc.);**
**ALLSTAR FIRE EQUIPMENT;**
**FIRE-DEX, LLC;**
**GLOBE MANUFACTURING COMPANY**
**LLC;**
**HONEYWELL SAFETY PRODUCTS USA,**
**INC.;**
**LION GROUP, INC.;**
**MALLORY SAFETY AND SUPPLY LLC.**
**MINE SAFETY APPLIANCES CO., LLC.**
**MUNICIPAL EMERGENCY**
**SERVICES, INC.**
**PBI PERFORMANCE PRODUCTS, INC.**
**SOUTHERN MILLS, INC.;**
**STEDFAST USA, INC.;**
**W.L. GORE & ASSOCIATES INC.,**

                    **Defendants.**

TO: THE DEFENDANTS ABOVE NAMED:

         YOU ARE HEREBY SUMMONED and required to answer the Complaint in this

action, of which a copy is herewith served upon you, and to serve a copy of your answer to said

Complaint on the subscribed, Solomon Law Group, P.O. Box 1866, Columbia, SC 29202, within

THIRTY (30) days after the service hereof, exclusive of the date of such service. If you fail to

4

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the complaint.

Respectfully submitted on February 9, 2023.

By:  *s/ Carl L. Solomon*
       Carl L. Solomon, Esq.
       S.C. Bar No.: 7306
       **The Solomon Law Group**
       3501 North Main Street
       Columbia, SC 29203
       Telephone: (803) 391-3120
       carl@solomonlawsc.com

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

**IN THE CIRCUIT COURT**
**FOR THE FIRST JUDICIAL CIRCUIT**
**ORANGEBURG COUNTY, SOUTH CAROLINA**

| | |
|---|---|
| **JOHN FREDRICH LONGO;** | |
| **GREGORY KEVIN MARTIN ;** | |
| **LEON W HENDERSON ;** | |
| **EDWIN KEITH HEADRICK ;** | |
| **THOMAS LAWRENCE LEONARD ;** | **Civil Action No: _____** |
| **JEROME WESLEY KING II;** | |
| **BRYAN EUGENE KERR ;** | |
| **EDDIE RAY HARRIS ;** | |
| **GREG ALAN MCDANIEL ;** | **COMPLAINT AND** |
| **CRAIG S. HELLING ;** | **JURY DEMAND** |
| **GEORGE FRANKLIN MASSEY ;** | |
| **AARON TODD KINDLESPARGER ;** | |
| **LEROY ELLSWORTH JONES ;** | |
| **IVOL HOWARD MIDDLETON SR.;** | |
| **PHILIP MICHAEL KORY ;** | |
| **JAMES IVY JOHNSON JR.;** | |
| **GERALD WAYNE KIRBY ;** | |
| **JAMES NOBLE JOHNSTON ;** | |
| **RONNIE ROY JONES ;** | |
| **TERRANCE PAUL JONES ;** | |
| **CARLOS J. HALDER ;** | |
| **WALTER WARREN MCGEHEE ;** | |
| **STEVEN F. HEDRICK ;** | |
| **JAMES DELL GRIFFETH ;** | |
| **GEORGE EDWARD JONES ;** | |
| **DAVID JOSEPH GUITARD ;** | |
| **EUGENE J. KOLL ;** | |
| **ROBERT BRUCE KELSO ;** | |
| **THOMAS JOEL MAYES ;** | |
| **GENARO  LONGORIA ;** | |
| **JOHN MICHAEL LADD ;** | |
| **MATTHEW SCOTT JENKINS ;** | |
| **HANS PETER LOEBLICH ;** | |
| **ALAN MARSHALL JONES ;** | |
| **RONALD NEWTON LOUGH ;** | |
| **KEITH J. JOINER ;** | |
| **DENNIS FREDERICK KNECHT ;** | |
| **GEORGE VANCE HOOPER ;** | |
| **ALLEN REIANHART HOFFER ;** | |
| **HOWARD ALAN LEEPER ;** | |
| **WILLIAM CRAIG GRAHAM ;** | |
| **MAC CHARLES JOINES ;** | |

6

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

**KEITH RONALD LINDSAY ;**
**RUSSELL LITTLETON HOLLAND ;**
**WALTER BRENT KIRKLAND ;**
**STEPHEN THOMAS HIERRO ;**
**DAVID  HUMPHREY ;**
**JOHN ALLEN GIRARD ;**
**JERRY WAYNE LOGAN ;**
**ALAN PAUL HILKER II;**
**MARK HUBERT HUTCHINSON ;**
**WEBB FRANCIS JENKEL ;**
**TIMOTHY RAE HUNGERFORD ;**
**JAMES A. LUPER ;**
**DONALD W. HOGUE ;**
**GERALD ALBERT IADICICCO ;**
**MICHAEL WILLIAM GRAVES ;**
**ROY VELA LOZANO JR;**
**TIMOTHY E. GRANT ;**
**RAYMOND WARREN HARDIMON ;**
**THOMAS MARION MCBAIN ;**
**JACK ANTHONY MADONIA ;**
**JOSEPH ROBERT MADRID ;**
**MICHAEL WAYNE KOOGLER ;**
**MARK ALLAN GRIFFIN ;**
**KURT DAMIAN MCLAUGHLIN ;**
**BILL  HENRY ;**
**LEONARD THOMAS MASON ;**
**DONALD L. GRUBB ;**
**ROBERT TIMOTHY MAGUIRE ;**
**JOHN THOMAS MCAULIFFE ;**
**JEFFERY LYN HUFFMAN ;**
**JOHN MICHAEL KILEY ;**
**RICHARD LOUIS MALANOWSKI ;**
**GARY DWAYNE GRAHAM ;**
**MICHAEL TROY GLOVER ;**
**DWIGHT M. MERRIWEATHER ;**
**REX PHILLIP LEWIS ;**
**PARNELL  HERBERT ;**
**RUDETT WILLIE JOHNSON ;**
**ROGER ALLISON GRIMSRUD ;**
**FLOYD THEODORE JOHNSTON ;**
**JIMMIE ROGER LANE ;**
**DONALD E. MASTERS ;**
**DONALD ALOYS KLASEN ;**
**MICHAEL JAMES HIGGINS ;**
**DAVID BRUCE HUFFMAN ;**
**ARTHUR  HILL JR.;**

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

**JAMES  JACHCIK ;**
**JOHN  JANAKAS ;**
**ROBERT ELIAS HASKELL ;**
**DONALD C. MILLER ;**
**ANTHONY  MESSINA ;**
**ALAN ROBERT MAYER ;**
**ROSS EDWARD MEDOS ;**
**JAMES MICHAEL LETT ;**
**DOUGLAS DEMOIREA HARRIS ;**
**JAMES G. LAUGHLIN ;**
**JOHN R. MAES ;**
**ROY LEE HANNAH ;**
**ALEX JOSEPH KALUZA ;**
**DOUGLAS RAY HUNDLEY ;**
**CHARLES WINFRED JOYNER ;**
**ELZARUS LEGRANDE HUNSAKER ;**
**CURTIS WAYNE JONES ;**
**WILLIAM KEITH HENDERSON ;**
**THOMAS MERLE MCDONALD JR.;**
**MARCOS ARANDA MENDOZA ;**
**PAUL ELBERT LASITER ;**
**KELLY GALEN LITTLETON ;**
**PATRICK MICHAEL KING ;**
**KARYN LYNN HOLT ;**

**Plaintiffs,**
**v.**

**3M COMPANY (f/k/a Minnesota**
**Mining and Manufacturing Company);**
**AGC CHEMICALS AMERICAS INC.;**
**AMEREX CORPORATION;**
**ARCHROMA U.S. INC.;**
**ARKEMA, INC.;**
**BUCKEYE FIRE EQUIPMENT**
**COMPANY;**
**CARRIER GLOBAL CORPORATION;**
**CHEMDESIGN PRODUCTS, INC.;**
**CHEMGUARD, INC.;**
**CHEMICALS, INC.;**
**CHEMOURS COMPANY FC, LLC;**
**CLARIANT CORP.;**
**CORTEVA, INC.;**
**DEEPWATER CHEMICALS, INC.;**

8

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

**DU PONT DE NEMOURS INC. (f/k/a**
**DOWDUPONT INC.);**
**DYNAX CORPORATION;**
**E.I. DU PONT DE NEMOURS AND**
**COMPANY;**
**KIDDE-FENWAL, INC.;**
**KIDDE PLC;**
**NATION FORD CHEMICAL COMPANY;**
**NATIONAL FOAM, INC.;**
**THE CHEMOURS COMPANY;**
**TYCO FIRE PRODUCTS LP, as**
**successor-in-interest to The Ansul Company;**
**UNITED TECHNOLOGIES**
**CORPORATION;**
**UTC FIRE & SECURITY AMERICAS**
**CORPORATION, INC. (f/k/a GE Interlogix,**
**Inc.);**
**ALLSTAR FIRE EQUIPMENT;**
**FIRE-DEX, LLC;**
**GLOBE MANUFACTURING COMPANY**
**LLC;**
**HONEYWELL SAFETY PRODUCTS USA,**
**INC.;**
**LION GROUP, INC.;**
**MALLORY SAFETY AND SUPPLY LLC.**
**MINE SAFETY APPLIANCES CO., LLC.**
**MUNICIPAL EMERGENCY**
**SERVICES, INC.**
**PBI PERFORMANCE PRODUCTS, INC.**
**SOUTHERN MILLS, INC.;**
**STEDFAST USA, INC.;**
**W.L. GORE & ASSOCIATES INC.,**

      **Defendants.**

## **COMPLAINT**

COMES NOW, the Plaintiffs, by and through undersigned counsel, and allege upon

information and belief as follows:

## **INTRODUCTION**

1.  Plaintiffs bring this action for damages for personal injury resulting from exposure to

aqueous film-forming foams ("AFFF") and firefighter turnout gear ("TOG") containing the toxic

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

chemicals collectively known as per and polyfluoroalkyl substances ("PFAS"). PFAS includes, but is not limited to, perfluorooctanoic acid ("PFOA") and perfluorooctane sulfonic acid ("PFOS") and related chemicals including those that degrade to PFOA and/or PFOS.

2.      AFFF is a specialized substance designed to extinguish petroleum-based fires. It has been used for decades by military and civilian firefighters to extinguish fires in training and in response to Class B fires.

3.      TOG is personal protective equipment designed for heat and moisture resistance in order to protect firefighters in hazardous situations. Most turnout gear is made up of a thermal liner, moisture barrier, and an outer layer. The inner layers contain PFAS, and the outer layer is often treated with additional PFAS.

4.      Defendants collectively designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold, and/or otherwise released into the stream of commerce AFFF or TOG with knowledge that it contained highly toxic and bio persistent PFAS, which would expose end users of the product to the risks associated with PFAS. Further, defendants designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF or TOG which contained PFAS for use in firefighting.

5.      PFAS binds to proteins in the blood of humans exposed to the material and remains and persists over long periods of time. Due to their unique chemical structure, PFAS accumulates in the blood and body of exposed individuals.

6.      PFAS are highly toxic and carcinogenic chemicals. Defendants knew, or should have known, that PFAS remain in the human body while presenting significant health risks to humans.

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

7.     Defendants' PFAS-containing AFFF or TOG products were used by the Plaintiffs in their intended manner, without significant change in the products' condition. Plaintiffs were unaware of the dangerous properties of the Defendants' AFFF or TOG products and relied on the Defendants' instructions as to the proper handling of the products. Plaintiffs' consumption, inhalation and/or dermal absorption of PFAS from Defendant's AFFF or TOG products caused Plaintiffs to develop the serious medical conditions and complications alleged herein.

8.     Through this action, Plaintiffs seek to recover compensatory and punitive damages arising out of the permanent and significant damages sustained as a direct result of exposure to Defendants' AFFF or TOG products at various locations during the course of Plaintiffs' training and firefighting activities. Plaintiffs further seek injunctive, equitable, and declaratory relief arising from the same.

## JURISIDICTION AND VENUE

9.     Jurisdiction is proper pursuant to the statutory laws and constitution of South Carolina.

10.    Venue is proper pursuant to *South Carolina Code Section 15-7-30.*

11.    Joinder of all parties is proper pursuant to Rule 20(a) of the *SCRCP*. Defendants are permissively joined in this action because the exposure, injuries, and relief requested all arise out of similar occurrences or transactions, and questions of law and fact are common to all parties.

## PARTIES

1.     Plaintiff John Fredrich Longo  is a resident and citizen of Branchville, South Carolina. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

2.     Plaintiff John Fredrich Longo  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

11

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

3.      Plaintiff Gregory Kevin Martin  is a resident and citizen of Rochester, Minnesota. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

4.      Plaintiff Gregory Kevin Martin  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

5.      Plaintiff Leon W Henderson  is a resident and citizen of Gardendale, Alabama. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

6.      Plaintiff Leon W Henderson  was diagnosed with pancreatic cancer as a result of exposure to Defendants' AFFF or TOG products.

7.      Plaintiff Edwin Keith Headrick  is a resident and citizen of Deeth, Nevada. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

8.      Plaintiff Edwin Keith Headrick  was diagnosed with bladder cancer as a result of exposure to Defendants' AFFF or TOG products.

9.      Plaintiff Thomas Lawrence Leonard  is a resident and citizen of Dewey, Arizona. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

10.      Plaintiff Thomas Lawrence Leonard  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

11.      Plaintiff Jerome Wesley King II is a resident and citizen of Platteville, Colorado. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

12.    Plaintiff Jerome Wesley King II was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

13.    Plaintiff Bryan Eugene Kerr is a resident and citizen of Millbury, Ohio. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

14.    Plaintiff Bryan Eugene Kerr was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

15.    Plaintiff Eddie Ray Harris is a resident and citizen of Fresno, California. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

16.    Plaintiff Eddie Ray Harris was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

17.    Plaintiff Greg Alan McDaniel is a resident and citizen of Lewisville, Texas. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

18.    Plaintiff Greg Alan McDaniel was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

19.    Plaintiff Craig S. Helling is a resident and citizen of Staples, Minnesota. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

20.    Plaintiff Craig S. Helling was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

21.    Plaintiff George Franklin Massey  is a resident and citizen of Monroe, North Carolina. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

22.    Plaintiff George Franklin Massey  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

23.    Plaintiff Aaron Todd Kindlesparger  is a resident and citizen of Wildwood, Missouri. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

24.    Plaintiff Aaron Todd Kindlesparger  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

25.    Plaintiff Leroy Ellsworth Jones  is a resident and citizen of Mattapoisett, Massachusetts. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

26.    Plaintiff Leroy Ellsworth Jones  was diagnosed with bladder cancer as a result of exposure to Defendants' AFFF or TOG products.

27.    Plaintiff Ivol Howard Middleton Sr. is a resident and citizen of Philadelphia, Pennsylvania. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

28.    Plaintiff Ivol Howard Middleton Sr. was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

29.    Plaintiff Philip Michael Kory  is a resident and citizen of Saint Hedwig, Texas. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

30.    Plaintiff Philip Michael Kory  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

31.    Plaintiff James Ivy Johnson Jr. is a resident and citizen of The Villages, Florida. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

32.    Plaintiff James Ivy Johnson Jr. was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

33.    Plaintiff Gerald Wayne Kirby  is a resident and citizen of Bozrah, Connecticut. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

34.    Plaintiff Gerald Wayne Kirby  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

35.    Plaintiff James Noble Johnston  is a resident and citizen of North Myrtle Beach, South Carolina. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

36.    Plaintiff James Noble Johnston  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

37.    Plaintiff Ronnie Roy Jones  is a resident and citizen of Cusseta, Alabama. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

38.    Plaintiff Ronnie Roy Jones  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

39.     Plaintiff Terrance Paul Jones  is a resident and citizen of Westminster, Maryland. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

40.     Plaintiff Terrance Paul Jones  was diagnosed with bladder cancer as a result of exposure to Defendants' AFFF or TOG products.

41.     Plaintiff Carlos J. Halder  is a resident and citizen of Hahnville, Louisiana. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

42.     Plaintiff Carlos J. Halder  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

43.     Plaintiff Walter Warren McGehee  is a resident and citizen of Montgomery, Alabama. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

44.     Plaintiff Walter Warren McGehee  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

45.     Plaintiff Steven F. Hedrick  is a resident and citizen of Rocky Mount, North Carolina. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

46.     Plaintiff Steven F. Hedrick  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

47.     Plaintiff James Dell Griffeth  is a resident and citizen of Chiefland, Florida. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

48.    Plaintiff James Dell Griffeth  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

49.    Plaintiff George Edward Jones  is a resident and citizen of Fuquay-Varina, North Carolina. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

50.    Plaintiff George Edward Jones  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

51.    Plaintiff David Joseph Guitard  is a resident and citizen of Homosassa, Florida. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

52.    Plaintiff David Joseph Guitard  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

53.    Plaintiff Eugene J. Koll  is a resident and citizen of Theresa, Wisconsin. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

54.    Plaintiff Eugene J. Koll   was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

55.    Plaintiff Robert Bruce Kelso  is a resident and citizen of Oregon City, Oregon. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

56.    Plaintiff Robert Bruce Kelso  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

17

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

57.    Plaintiff Thomas Joel Mayes  is a resident and citizen of Rainbow City, Alabama. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

58.    Plaintiff Thomas Joel Mayes  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

59.    Plaintiff Genaro  Longoria  is a resident and citizen of Wyoming, Michigan. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

60.    Plaintiff Genaro  Longoria  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

61.    Plaintiff John Michael Ladd  is a resident and citizen of The Villages, Florida. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

62.    Plaintiff John Michael Ladd  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

63.    Plaintiff Matthew Scott Jenkins  is a resident and citizen of Chula Vista, California. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

64.    Plaintiff Matthew Scott Jenkins  was diagnosed with pancreatic cancer as a result of exposure to Defendants' AFFF or TOG products.

65.    Plaintiff Hans Peter Loeblich  is a resident and citizen of Mchenry, Illinois. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

66.    Plaintiff Hans Peter Loeblich  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

67.    Plaintiff Alan Marshall Jones  is a resident and citizen of Binghamton, New York. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

68.    Plaintiff Alan Marshall Jones  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

69.    Plaintiff Ronald Newton Lough  is a resident and citizen of Lexington, South Carolina. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

70.    Plaintiff Ronald Newton Lough  was diagnosed with bladder cancer as a result of exposure to Defendants' AFFF or TOG products.

71.    Plaintiff Keith J. Joiner  is a resident and citizen of Florence, Alabama. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

72.    Plaintiff Keith J. Joiner  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

73.    Plaintiff Dennis Frederick Knecht  is a resident and citizen of Slidell, Louisiana. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

74.    Plaintiff Dennis Frederick Knecht  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

75.    Plaintiff George Vance Hooper  is a resident and citizen of Cullman, Alabama. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

76.    Plaintiff George Vance Hooper  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

77.    Plaintiff Allen Reianhart Hoffer  is a resident and citizen of Boca Raton, Florida. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

78.    Plaintiff Allen Reianhart Hoffer  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

79.    Plaintiff Howard Alan Leeper  is a resident and citizen of Beacon Falls, Connecticut. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

80.    Plaintiff Howard Alan Leeper  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

81.    Plaintiff William Craig Graham  is a resident and citizen of Oviedo, Florida. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

82.    Plaintiff William Craig Graham  was diagnosed with bladder cancer as a result of exposure to Defendants' AFFF or TOG products.

83.    Plaintiff Mac Charles Joines  is a resident and citizen of Crescent City, California. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

84.    Plaintiff Mac Charles Joines  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

85.    Plaintiff Keith Ronald Lindsay  is a resident and citizen of Belgrade, Montana. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

86.    Plaintiff Keith Ronald Lindsay  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

87.    Plaintiff Russell Littleton Holland  is a resident and citizen of Norfolk, Virginia. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

88.    Plaintiff Russell Littleton Holland  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

89.    Plaintiff Walter Brent Kirkland  is a resident and citizen of Aiken, South Carolina. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

90.    Plaintiff Walter Brent Kirkland  was diagnosed with bladder cancer as a result of exposure to Defendants' AFFF or TOG products.

91.    Plaintiff Stephen Thomas Hierro  is a resident and citizen of Strongsville, Ohio. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

92.    Plaintiff Stephen Thomas Hierro  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

93.    Plaintiff David Humphrey is a resident and citizen of Hyde Park, Massachusetts. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

94.    Plaintiff David Humphrey was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

95.    Plaintiff John Allen Girard is a resident and citizen of Spokane, Washington. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

96.    Plaintiff John Allen Girard was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

97.    Plaintiff Jerry Wayne Logan is a resident and citizen of Pleasant Grove, Alabama. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

98.    Plaintiff Jerry Wayne Logan was diagnosed with bladder cancer as a result of exposure to Defendants' AFFF or TOG products.

99.    Plaintiff Alan Paul Hilker II is a resident and citizen of Hillsboro, Missouri. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

100.    Plaintiff Alan Paul Hilker II was diagnosed with bladder cancer as a result of exposure to Defendants' AFFF or TOG products.

101.    Plaintiff Mark Hubert Hutchinson is a resident and citizen of Navarre, Florida. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

102.   Plaintiff Mark Hubert Hutchinson  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

103.   Plaintiff Webb Francis Jenkel  is a resident and citizen of Summit, Wisconsin. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

104.   Plaintiff Webb Francis Jenkel  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

105.   Plaintiff Timothy Rae Hungerford  is a resident and citizen of Apache Junction, Arizona. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

106.   Plaintiff Timothy Rae Hungerford  was diagnosed with bladder cancer as a result of exposure to Defendants' AFFF or TOG products.

107.   Plaintiff James A. Luper  is a resident and citizen of Orlando, Florida. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

108.   Plaintiff James A. Luper  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

109.   Plaintiff Donald W. Hogue  is a resident and citizen of Pelham, Alabama. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

110.   Plaintiff Donald W. Hogue  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

111.    Plaintiff Gerald Albert Iadicicco  is a resident and citizen of Las Cruces, New Mexico. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

112.    Plaintiff Gerald Albert Iadicicco  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

113.    Plaintiff Michael William Graves  is a resident and citizen of Waynesville, Missouri. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

114.    Plaintiff Michael William Graves  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

115.    Plaintiff Roy Vela Lozano Jr is a resident and citizen of San Antonio, Texas. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

116.    Plaintiff Roy Vela Lozano Jr was diagnosed with liver cancer as a result of exposure to Defendants' AFFF or TOG products.

117.    Plaintiff Timothy E. Grant  is a resident and citizen of Dudley, North Carolina. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

118.    Plaintiff Timothy E. Grant  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

119.    Plaintiff Raymond Warren Hardimon  is a resident and citizen of Columbus, Ohio. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

120.    Plaintiff Raymond Warren Hardimon  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

121.    Plaintiff Thomas Marion McBain  is a resident and citizen of Buchanan, Michigan. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

122.    Plaintiff Thomas Marion McBain   was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

123.    Plaintiff Jack Anthony Madonia  is a resident and citizen of Staten Island, New York. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

124.    Plaintiff Jack Anthony Madonia  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

125.    Plaintiff Joseph Robert Madrid  is a resident and citizen of Albuquerque, New Mexico. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

126.    Plaintiff Joseph Robert Madrid  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

127.    Plaintiff Michael Wayne Koogler  is a resident and citizen of Chester, Virginia. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

128.    Plaintiff Michael Wayne Koogler   was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

129.    Plaintiff Mark Allan Griffin  is a resident and citizen of Winnsboro, Texas. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

130.    Plaintiff Mark Allan Griffin  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

131.    Plaintiff Kurt Damian McLaughlin  is a resident and citizen of Woburn, Massachusetts. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

132.    Plaintiff Kurt Damian McLaughlin  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

133.    Plaintiff Bill Henry  is a resident and citizen of Gaffney, South Carolina. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

134.    Plaintiff Bill  Henry  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

135.    Plaintiff Leonard Thomas Mason  is a resident and citizen of Alpena, Michigan. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

136.    Plaintiff Leonard Thomas Mason  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

137.    Plaintiff Donald L. Grubb  is a resident and citizen of Martinsburg, West Virginia. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

138.    Plaintiff Donald L. Grubb  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

139.    Plaintiff Robert Timothy Maguire   is a resident and citizen of Leadwood, Missouri. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

140.    Plaintiff Robert Timothy Maguire   was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

141.    Plaintiff John Thomas McAuliffe  is a resident and citizen of Alton, New Hampshire. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

142.    Plaintiff John Thomas McAuliffe  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

143.    Plaintiff Jeffery Lyn Huffman  is a resident and citizen of Pikeville, Kentucky. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

144.    Plaintiff Jeffery Lyn Huffman  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

145.    Plaintiff John Michael Kiley  is a resident and citizen of Beaver, Oklahoma. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

146.    Plaintiff John Michael Kiley  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

147.    Plaintiff Richard Louis Malanowski  is a resident and citizen of Phoenix, Arizona. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

148.    Plaintiff Richard Louis Malanowski  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

149.    Plaintiff Gary Dwayne Graham  is a resident and citizen of Pulaski, Virginia. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

150.    Plaintiff Gary Dwayne Graham  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

151.    Plaintiff Michael Troy Glover  is a resident and citizen of New River, Arizona. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

152.    Plaintiff Michael Troy Glover  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

153.    Plaintiff Dwight M. Merriweather  is a resident and citizen of Rialto, California. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

154.    Plaintiff Dwight M. Merriweather  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

155.    Plaintiff Rex Phillip Lewis  is a resident and citizen of Adrian, Michigan. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

156.    Plaintiff Rex Phillip Lewis  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

157.    Plaintiff Parnell  Herbert  is a resident and citizen of New Orleans, Louisiana. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

158.    Plaintiff Parnell  Herbert  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

159.    Plaintiff Rudett Willie Johnson  is a resident and citizen of Orange Park, Florida. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

160.    Plaintiff Rudett Willie Johnson  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

161.    Plaintiff Roger Allison Grimsrud  is a resident and citizen of Vernonia, Oregon. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

162.    Plaintiff Roger Allison Grimsrud  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

163.    Plaintiff Floyd Theodore Johnston  is a resident and citizen of Royse City, Texas. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

164.    Plaintiff Floyd Theodore Johnston  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

165.    Plaintiff Jimmie Roger Lane  is a resident and citizen of Huntington, West Virginia. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

166.    Plaintiff Jimmie Roger Lane  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

167.    Plaintiff Donald E. Masters  is a resident and citizen of Pinellas Park, Florida. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

168.    Plaintiff Donald E. Masters  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

169.    Plaintiff Donald Aloys Klasen  is a resident and citizen of Walnut Ridge, Arkansas. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

170.    Plaintiff Donald Aloys Klasen  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

171.    Plaintiff Michael James Higgins  is a resident and citizen of Whitewater, Wisconsin. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

172.    Plaintiff Michael James Higgins  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

173.    Plaintiff David Bruce Huffman  is a resident and citizen of Supply, North Carolina. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

174.    Plaintiff David Bruce Huffman  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

175.    Plaintiff Arthur  Hill Jr. is a resident and citizen of Lompoc, California. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

176.    Plaintiff Arthur   Hill Jr. was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

177.    Plaintiff James   Jachcik  is a resident and citizen of Fraser, Michigan. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

178.    Plaintiff James   Jachcik  was diagnosed with bladder cancer as a result of exposure to Defendants' AFFF or TOG products.

179.    Plaintiff John  Janakas  is a resident and citizen of Ocala, Florida. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

180.    Plaintiff John   Janakas   was diagnosed with bladder cancer as a result of exposure to Defendants' AFFF or TOG products.

181.    Plaintiff Robert Elias Haskell  is a resident and citizen of Oak Park, California. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

182.    Plaintiff Robert Elias Haskell  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

183.    Plaintiff Donald C. Miller  is a resident and citizen of Lincoln, Nebraska. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

184.    Plaintiff Donald C. Miller  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

185.    Plaintiff Anthony  Messina  is a resident and citizen of Colts Neck, New Jersey. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

186.    Plaintiff Anthony  Messina  was diagnosed with bladder cancer as a result of exposure to Defendants' AFFF or TOG products.

187.    Plaintiff Alan Robert Mayer   is a resident and citizen of Bristol, Vermont. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

188.    Plaintiff Alan Robert Mayer  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

189.    Plaintiff Ross Edward Medos   is a resident and citizen of Willis, Michigan. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

190.    Plaintiff Ross Edward Medos  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

191.    Plaintiff James Michael Lett  is a resident and citizen of Silver City, New Mexico. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

192.    Plaintiff James Michael Lett  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

193.    Plaintiff Douglas Demoirea Harris  is a resident and citizen of Killeen, Texas. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

194.    Plaintiff Douglas Demoirea Harris  was diagnosed with bladder cancer as a result of exposure to Defendants' AFFF or TOG products.

195.    Plaintiff James G. Laughlin  is a resident and citizen of Deland, Florida. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

196.    Plaintiff James G. Laughlin  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

197.    Plaintiff John R. Maes  is a resident and citizen of Northglenn, Colorado. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

198.    Plaintiff John R. Maes  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

199.    Plaintiff Roy Lee Hannah  is a resident and citizen of Sacramento, California. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

200.    Plaintiff Roy Lee Hannah  was diagnosed with bladder cancer as a result of exposure to Defendants' AFFF or TOG products.

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

201.    Plaintiff Alex Joseph Kaluza  is a resident and citizen of Beaver, Pennsylvania. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

202.    Plaintiff Alex Joseph Kaluza  was diagnosed with pancreatic cancer as a result of exposure to Defendants' AFFF or TOG products.

203.    Plaintiff Douglas Ray Hundley  is a resident and citizen of Shepherdsville, Kentucky. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

204.    Plaintiff Douglas Ray Hundley  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

205.    Plaintiff Charles Winfred Joyner  is a resident and citizen of Terry, Mississippi. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

206.    Plaintiff Charles Winfred Joyner  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

207.    Plaintiff Elzarus Legrande Hunsaker  is a resident and citizen of Tamarac, Florida. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

208.    Plaintiff Elzarus Legrande Hunsaker  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

209.    Plaintiff Curtis Wayne Jones  is a resident and citizen of Zebulon, Georgia. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

210.    Plaintiff Curtis Wayne Jones  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

211.    Plaintiff William Keith Henderson  is a resident and citizen of Cincinnati, Ohio. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

212.    Plaintiff William Keith Henderson   was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

213.    Plaintiff Thomas Merle McDonald Jr. is a resident and citizen of Oklahoma City, Oklahoma. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

214.    Plaintiff Thomas Merle McDonald Jr. was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

215.    Plaintiff Marcos Aranda Mendoza  is a resident and citizen of Pecos, Texas. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

216.    Plaintiff Marcos Aranda Mendoza  was diagnosed with pancreatic cancer as a result of exposure to Defendants' AFFF or TOG products.

217.    Plaintiff Paul Elbert Lasiter  is a resident and citizen of Kemp, Texas. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

218.    Plaintiff Paul Elbert Lasiter  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

219.    Plaintiff Kelly Galen Littleton  is a resident and citizen of Paris, Illinois. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

220.    Plaintiff Kelly Galen Littleton  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

221.    Plaintiff Patrick Michael King  is a resident and citizen of Milford, Connecticut. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

222.    Plaintiff Patrick Michael King  was diagnosed with prostate cancer as a result of exposure to Defendants' AFFF or TOG products.

223.    Plaintiff Karyn Lynn Holt  is a resident and citizen of Little Rock, Arkansas. Plaintiff regularly used, and was thereby directly exposed to, AFFF and TOG in training and to extinguish fires during his working career as a military and/or civilian firefighter.

224.    Plaintiff Karyn Lynn Holt  was diagnosed with bladder cancer as a result of exposure to Defendants' AFFF or TOG products.

225.    Defendants are designers, marketers, developers, manufacturers, distributors, releasers, instructors, promotors and sellers of PFAS-containing AFFF products or underlying PFAS containing chemicals used in AFFF production.  The following Defendants, at all times relevant to this lawsuit, manufactured, designed, marketed, distributed, released, instructed, promoted and/or otherwise sold (directly or indirectly) PFAS-containing AFFF products to various locations for use in fighting Class B fires such that each Defendant knew or should have known said products would be delivered to areas for active use by Plaintiffs during the course of training and firefighting activities.

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

226.    Defendant, 3M Company, f/k/a Minnesota Mining and Manufacturing Company, ("3M"), is a Delaware corporation and does business throughout the United States. 3M has its principal place of business at 3M Center, St. Paul, Minnesota 55133.

227.    3M designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

228.    Defendant AGC Chemicals Americas, Inc. ("AGC") is a Delaware corporation and does business throughout the United States. AGC has its principal place of business at 55 E. Uwchlan Ave., Suite 201, Exton, Pennsylvania 19341.

229.    AGC designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

230.    Defendant Amerex Corporation ("Amerex") is an Alabama corporation and does business throughout the United States. Amerex has its principal place of business at 7595 Gadsden Highway, Trussville, Alabama 35173.

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

231.    Amerex designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

232.    Defendant Archroma U.S. Inc. ("Archroma") is a North Carolina company and does business throughout the United States. Archroma has its principal place of business at 5435 77 Center Drive, #10 Charlotte, North Carolina 28217. Upon information and belief, Archroma was formed in 2013 as part of the acquisition of Clariant Corporation's Textile Chemicals, Paper Specialties and Emulsions business by SK Capital Partners.

233.    Archroma designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

234.    Defendant Arkema, Inc. ("Arkema") is a Pennsylvania corporation and does business throughout the United States. Arkema has its principal place of business at 900 1st Avenue, King of Prussia, Pennsylvania 19406. Upon information and belief, assets of Arkema's fluorochemical business were purchased by Defendant Dupont in 2002.

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

235.    Arkema designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

236.    Defendant Buckeye Fire Equipment Company ("Buckeye") is an Ohio corporation and does business throughout the United States. Buckeye has its principal place of business at 110 Kings Road, Mountain, North Carolina 28086.

237.    Buckeye designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

238.    Defendant Carrier Global Corporation ("Carrier") is a Delaware corporation and does business throughout the United States. Carrier has its principal place of business at 13995 Pasteur Boulevard, Palm Beach Gardens, Florida 33418. Upon information and belief, Carrier was formed in 2020 and is the parent company of Kidde-Fenwal, Inc., a manufacturer of AFFF.

239.    Carrier designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used AFFF

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

containing PFAS that are used in firefighting training and response exercises which are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

240.   Defendant ChemDesign Products, Inc. ("ChemDesign") is a Texas corporation and does business throughout the United States. ChemDesign has its principal place of business at 2 Stanton Street, Marinette, Wisconsin 54143.

241.   ChemDesign designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

242.   Defendant Chemguard, Inc. ("Chemguard") is a Wisconsin corporation and does business throughout the United States. Chemguard has its principal place of business at One Stanton Street, Marinette, Wisconsin 54143.

243.   Chemguard designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

244.    Defendant Chemicals, Inc. ("Chemicals") is a Texas corporation and does business throughout the United States. Chemicals has its principal place of business at 12321 Hatcherville Road, Baytown, Texas 77521.

245.    Chemicals designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

246.    Defendant Chemours Company FC, LLC ("Chemours FC"), is a Delaware corporation and does business throughout the United States. Chemours has its principal place of business at 1007 Market Street, Wilmington, Delaware 19899. Chemours FC is a subsidiary of The Chemours Company.

247.    Chemours FC designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing PFAS that are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

248.    Defendant Clariant Corporation ("Clariant") is a New York corporation and does business throughout the United States. Clariant has its principal place of business at 4000 Monroe Road, Charlotte, North Carolina 28205.

249.    Clariant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

250.    Defendant Corteva, Inc. ("Corteva") is a Delaware Corporation that conducts business throughout the United States. Its principal place of business is Chestnut Run Plaza 735, Wilmington, Delaware 19805. Corteva is the successor-in-interest to Dupont Chemical Solutions Enterprise.

251.    Corteva designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing PFAS that are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

252.    Defendant Deepwater Chemicals, Inc. ("Deepwater") is a Delaware corporation and does business throughout the United States. Deepwater's principal place of business is at 196122 E County Road 735, Woodward, Oklahoma 73801.

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

253.    Deepwater designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

254.    Defendant Du Pont de Nemours Inc. (f/k/a DowDuPont, Inc.) ("DowDuPont"), is a Delaware corporation and does business throughout the United States. DowDuPont, has its principal place of business at 1007 Market Street, Wilmington, Delaware 19899 and 2211 H.H. Dow Way, Midland, Michigan 48674. DowDupont was created in 2015 to transfer Chemours and DuPont liabilities for manufacturing and distributing flurosurfactants to AFFF manufacturers.

255.    DowDuPont designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing PFAS that are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

256.    Defendant Dynax Corporation ("Dynax") is a New York corporation that conducts business throughout the United States. Its principal place of business is 103 Fairview Park Drive, Elmsford, New York, 10523-1544.

257.    Dynax designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

PFAS that are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

258.     Defendant E. I. du Pont de Nemours and Company ("DuPont"), is a Delaware corporation and does business throughout the United States. DuPont has its principal place of business at 1007 Market Street, Wilmington, Delaware 19898.

259.     DuPont designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing PFAS that are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

260.     Defendant Kidde-Fenwal, Inc. ("Kidde-Fenwal") is a corporation organized under the laws of the State of Delaware and does business throughout the United States. Kidde-Fenwal has its principal place of business at One Financial Plaza, Hartford, Connecticut 06101. Kidde-Fenwal is the successor-in-interest to Kidde Fire Fighting, Inc. (f/k/a Chubb National Foam, Inc. f/k/a National Foam System, Inc.) (collectively, "Kidde/Kidde Fire").

261.     Kidde-Fenwal designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing PFAS that are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials,

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

262.    Defendant Kidde P.L.C., Inc. ("Kidde P.L.C.") is a foreign corporation organized and existing under the laws of the State of Delaware and does business throughout the United States. Kidde P.L.C. has its principal place of business at One Carrier Place, Farmington, Connecticut 06034. Upon information and belief, Kidde PLC was formerly known as Williams Holdings, Inc. and/or Williams US, Inc.

263.    Kidde P.L.C. designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing PFAS that are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

264.    Defendant Nation Ford Chemical Company ("Nation Ford") is a South Carolina company and does business throughout the United States. Nation Ford has its principal place of business at 2300 Banks Street, Fort Mill, South Carolina 29715.

265.    Nation Ford designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing PFAS that are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

266.    Defendant National Foam, Inc. ("National Foam") is a Delaware corporation and does business throughout the United States. National Foam has its principal place of business at 141 Junny Road, Angier, North Carolina, 27501.

267.    National Foam designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

268.    Defendant The Chemours Company ("Chemours"), is a Delaware corporation and does business throughout the United States. Chemours has its principal place of business 1007 Market Street, Wilmington, Delaware 19898. Upon information and belief, Chemours was spun off from DuPont in 2015 to assume PFAS related liabilities.

269.    Chemours designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing PFAS that are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

270.    Defendant Tyco Fire Products, LP, as successor-in-interest to The Ansul Company ("Tyco"), is a Delaware limited partnership and does business throughout the United States. Tyco has its principal place of business at 1400 Pennbrook Parkway, Lansdale, Pennsylvania 19466.

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

Tyco manufactured and currently manufactures the Ansul brand of products, including Ansul brand AFFF containing PFAS.

271.    Tyco is the successor in interest to the corporation formerly known as The Ansul Company ("Ansul"). At all times relevant, Tyco/Ansul designed, marketed, developed, manufactured, distributed released, trained users, produced instructional materials, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

272.    Defendant United Technologies Corporation ("United Technologies") is a foreign corporation organized and existing under the laws of the State of Delaware and does business throughout the United States. United Technologies has its principal place of business at 8 Farm Springs Road, Farmington, Connecticut 06032.

273.    United Technologies designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing PFAS that are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

274.    Defendant UTC Fire & Security Americas Corporation, Inc.  (f/k/a GE Interlogix, Inc.) ("UTC") is a North Carolina corporation and does business throughout the United States. UTC has principal place of business at 3211 Progress Drive, Lincolnton, North Carolina 28092. Upon

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

information and belief, Kidde-Fenwal, Inc. is part of the UTC Climate Control & Security unit of United Technologies Corporation.

275.    UTC designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, sold, and/or otherwise handled and/or used AFFF containing PFAS that are the subject of this Complaint. Further, defendant designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used underlying chemicals and/or products added to AFFF which contained PFAS for use in firefighting.

276.    Defendant Allstar Fire Equipment is a California corporation ("Allstar") and does business throughout the United States. Allstar has its principal place of business at 12328 Lower Azusa Road, Arcadia, California 91006.

277.    Allstar developed, manufactured, marketed, distributed, released, sold, and/or used PFAS, PFAS materials, and products containing PFAS in turnout gear for use in firefighting.

278.    Defendant Fire-Dex, LLC ("Fire-Dex") is a Delaware corporation and does business throughout the United States. Fire-Dex has its principal place of business at 780 South Progress Drive, Medina, Ohio 44256.

279.    Fire-Dex developed, manufactured, marketed, distributed, released, sold, and/or used PFAS, PFAS materials, and products containing PFAS in turnout gear for use in firefighting.

280.    Defendant Globe Manufacturing Company LLC ("Globe") is a New Hampshire corporation and does business throughout the United States. Globe has its principal place of business at 37 Loudon Road, Pittsfield, New Hampshire 03263.

281.    Globe developed, manufactured, marketed, distributed, released, sold, and/or used PFAS, PFAS materials, and products containing PFAS in turnout gear for use in firefighting.

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

282. Defendant Honeywell Safety Products USA, Inc. ("Honeywell") is a Delaware corporation and does business throughout the United States. Honeywell has its principal place of business at 300 South Tryon Street Suite 500, Charlotte, North Carolina 28202.

283. Honeywell developed, manufactured, marketed, distributed, released, sold, and/or used PFAS, PFAS materials, and products containing PFAS in turnout gear for use in firefighting.

284. Defendant Lion Group, Inc. ("Lion") is an Ohio corporation and does business throughout the United States. Lion has its principal place of business at 7200 Poe Avenue, Suite 400 Dayton, Ohio, 45414.

285. Lion developed, manufactured, marketed, distributed, released, sold, and/or used PFAS, PFAS materials, and products containing PFAS in turnout gear for use in firefighting.

286. Defendant Mallory Safety and Supply LLC. ("Mallory") is a Washington corporation and does business throughout the United States. Mallory has its principal place of business at 1040 Industrial Way, Longview, Washington, 98632.

287. Mallory developed, manufactured, marketed, distributed, released, sold, and/or used PFAS, PFAS materials, and products containing PFAS in turnout gear for use in firefighting.

288. Defendant Mine Safety Appliances Co., Inc. ("MSA") is a Pennsylvania corporation and does business throughout the United States. MSA has its principal place of business at 1000 Cranberry Woods Drive, Cranberry Township, Pennsylvania, 16066.

289. MSA developed, manufactured, marketed, distributed, released, sold, and/or used PFAS, PFAS materials, and products containing PFAS in turnout gear for use in firefighting.

290. Defendant Municipal Emergency Services, Inc. ("MES") is a Nevada corporation and does business throughout the United States. MES has its principal place of business at 12 Turnberry Lane, Sandy Hook, Connecticut 06482.

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

291.    MES developed, manufactured, marketed, distributed, released, sold, and/or used PFAS, PFAS materials, and products containing PFAS in turnout gear for use in firefighting.

292.    Defendant PBI Performance Products, Inc. ("PBI") is a Delaware corporation and does business throughout the United States. PBI has its principal place of business at 9800-D Southern Pine Boulevard, Charlotte, North Carolina 28273.

293.    PBI developed, manufactured, marketed, distributed, released, sold, and/or used PFAS, PFAS materials, and products containing PFAS in turnout gear for use in firefighting.

294.    Defendant Southern Mills, Inc. ("Southern Mills") is a Georgia corporation and does business throughout the United States. Southern Mills has its principal place of business at 6501 Mall Boulevard, Union City, Georgia 30291.

295.    Southern Mills developed, manufactured, marketed, distributed, released, sold, and/or used PFAS, PFAS materials, and products containing PFAS in turnout gear for use in firefighting.

296.    Defendant Stedfast USA, Inc. ("Stedfast") is a Delaware corporation and does business throughout the United States. Stadfast has its principal place of business at 800 Mountain View Drive, Piney Flats, Tennessee 37686.

297.    Stedfast developed, manufactured, marketed, distributed, released, sold, and/or used PFAS, PFAS materials, and products containing PFAS in turnout gear for use in firefighting.

298.    Defendant W.L. Gore & Associates Inc. ("Gore") is a Delaware corporation and does business throughout the United States. Gore has its principal place of business at 1901 Barksdale Road, Newark, Delaware 19711.

299.    Gore developed, manufactured, marketed, distributed, released, sold, and/or used PFAS, PFAS materials, and products containing PFAS in turnout gear for use in firefighting.

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

300.    When reference is made in this Complaint to any act or omission of any of the Defendants, it shall be deemed that the officers, directors, agents, employees, or representatives of the Defendants committed or authorized such act or omission, or failed to adequately supervise or properly control or direct their employees while engaged in the management, direction, operation, or control of the affairs of Defendants, and did so while acting within the scope of their duties, employment or agency.

301.    The term "AFFF Defendant" or "AFFF Defendants" refers to all Defendants named herein who designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold and/or otherwise handled and/or used AFFF containing PFAS that are used in firefighting training and response exercises which are the subject of this Complaint. jointly and severally, unless otherwise stated.

302.    The term "TOG Defendant" or "TOG Defendants" refers to all Defendants names herein who developed, manufactured, marketed, distributed, released, sold, and/or used PFAS, PFAS materials, and products containing PFAS in turnout gear for use in firefighting.

## FACTUAL ALLEGATIONS

303.    Aqueous Film-Forming Foam ("AFFF") is a combination of chemicals used to extinguish hydrocarbon fuel-based fires.

304.    AFFF-containing fluorinated surfactants have better firefighting capabilities than water due to their surfactant-tension lowering properties which allow the compound(s) to extinguish fire by smothering, ultimately starving it of oxygen.

305.    AFFF is a Class-B firefighting foam. It is mixed with water and used to extinguish fires that are difficult to fight, particularly those that involve petroleum or other flammable liquids.

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

306. AFFF Defendants designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold, and/or otherwise handled AFFF containing toxic PFAS or underlying PFAS containing chemicals used in AFFF production that were used by entities around the country, including military, county, and municipal firefighting departments.

307. AFFF Defendants have each designed, marketed, developed, manufactured, distributed, released, trained users on, produced instructional materials for, sold, and/or otherwise handled and/or used AFFF containing PFAS, in such a way as to cause the contamination of Plaintiffs' blood and/or body with PFAS, and the resultant biopersistence and bioaccumulation of such PFAS in the blood and/or body of Plaintiffs.

308. AFFF was introduced commercially in the mid-1960s and rapidly became the primary firefighting foam in the United States and in other parts of the world. It contains PFAS, which are highly fluorinated synthetic chemical compounds whose family include PFOS and PFOA.

309. PFAS are a family of chemical compounds containing fluorine and carbon atoms.

310. PFAS have been used for decades in the manufacture of AFFF. The PFAS family of chemicals are entirely human-made and do not naturally occur or otherwise exist.

311. Prior to commercial development and large-scale manufacture and use of AFFF containing PFAS, no such PFAS had been found or detected in human blood.

### A.    AFFF / PFAS Hazardous Effects on Humans

312. AFFF and its components are associated with a wide variety of adverse health effects in humans.

313. Exposure to AFFF Defendants' products has been linked to serious medical conditions including, but not limited to, kidney cancer, testicular cancer, liver cancer, testicular tumors,

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

pancreatic cancer, prostate cancer, leukemia, lymphoma, bladder cancer, thyroid disease and infertility.

314.    By at least the end of the 1960s, animal toxicity testing performed by some Defendants manufacturing and/or using PFAS indicated that exposure to such materials, including at least PFOA, resulted in various adverse health effects among multiple species of laboratory animals, including toxic effects to the liver, testes, adrenals, and other organs and bodily systems.

315.    By at least the end of the 1960s, additional research and testing performed by some Defendants manufacturing and/or using PFAS indicated that such materials, including at least PFOA, because of their unique chemical structure, were resistant to environmental degradation and would persist in the environment essentially unaltered if allowed to enter the environment.

316.    By at least the end of the 1970s, additional research and testing performed by some Defendants manufacturing and/or using PFAS indicated that one or more such materials, including at least PFOA and PFOS, because of their unique chemical structure, would bind to proteins in the blood of animals and humans exposed to such materials where such materials would remain and persist over long periods of time and would accumulate in the blood/body of the exposed individuals with each additional exposure.

317.    By at least the end of the 1980s, additional research and testing performed by some Defendants manufacturing and/or using PFAS indicated that at least one such PFAS, PFOA, had caused Leydig cell (testicular) tumors in a chronic cancer study in rats, resulting in at least one such Defendant, DuPont, classifying such PFAS internally as a confirmed animal carcinogen and possible human carcinogen.

318.    It was understood by AFFF Defendants by at least the end of the 1980s that a chemical that caused cancer in animal studies must be presumed to present a cancer risk to humans, unless the

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

precise mechanism of action by which the tumors were caused was known and would not occur in humans.

319.    By at least the end of the 1980s, scientists had not determined the precise mechanism of action by which any PFAS caused tumors. Therefore, scientific principles of carcinogenesis classification mandated AFFF Defendants presume any such PFAS material that caused tumors in animal studies could present a potential cancer risk to exposed humans.

320.    By at least the end of the 1980s, additional research and testing performed by some Defendants manufacturing and/or using PFAS, including at least DuPont, indicated that elevated incidence of certain cancers and other adverse health effects, including elevated liver enzymes and birth defects, had been observed among workers exposed to such materials, including at least PFOA, but such data was not published, provided to governmental entities as required by law, or otherwise publicly disclosed at the time.

321.    By at least the end of the 1980s, some Defendants, including at least 3M and DuPont, understood that, not only did PFAS, including at least PFOA and PFOS, get into and persist and accumulate in the human blood and in the human body, but that once in the human body and blood, particularly the longer-chain PFAS, such as PFOS and PFOA, had a long half-life. Meaning that it would take a very long time before even half of the material would start to be eliminated, which allowed increasing levels of the chemicals to build up and accumulate in the blood and/or body of exposed individuals over time, particularly if any level of exposure continued.

322.    By at least the end of the 1990s, additional research and testing performed by some Defendants manufacturing and/or using PFAS, including at least 3M and DuPont, indicated that at least one such PFAS, PFOA, had caused a triad of tumors (Leydig cell (testicular), liver, and pancreatic) in a second chronic cancer study in rats.

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

323.    By at least the end of the 1990s, the precise mechanism(s) of action by which any PFAS caused each of the tumors found in animal studies had still not been identified, mandating that AFFF Defendants continue to presume that any such PFAS that caused such tumors in animal studies could present a potential cancer risk to exposed humans.

324.    By at least 2010, additional research and testing performed by some Defendants manufacturing and/or using PFAS, including at least 3M and DuPont, revealed multiple potential adverse health impacts among workers exposed to such PFAS, including at least PFOA, such as increased cancer incidence, hormone changes, lipid changes, and thyroid and liver impacts.

325.    When the United States Environmental Protection Agency ("USEPA") and other state and local public health agencies and officials first began learning of PFAS exposure in the United States and potential associated adverse health effects, AFFF Defendants repeatedly assured and represented to such entities and the public that such exposure presented no risk of harm and were of no significance.

326.    After the USEPA and other entities began asking Defendants to stop manufacturing and/or using certain PFAS, AFFF Defendants began manufacturing and/or using and/or began making and/or using more of certain other and/or "new" PFAS, including PFAS materials with six or fewer carbons, such as GenX (collectively "Short-Chain PFAS").

327.    AFFF Defendants manufacturing and/or using Short-Chain PFAS, including at least DuPont and 3M, are aware that one or more such Short-Chain PFAS materials also have been found in human blood.

328.    By at least the mid-2010s, AFFF Defendants, including at least DuPont and Chemours, were aware that at least one Short-Chain PFAS had been found to cause the same triad of tumors

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

(Leydig (testicular), liver, and pancreatic) in a chronic rat cancer study as had been found in a chronic rat cancer study with a non-Short-Chain PFAS.

329.     Research and testing performed by and/or on behalf of AFFF Defendants making and/or using Short-Chain PFAS indicates that such Short-Chain PFAS materials present the same, similar, and/or additional risks to human health as had been found in research on other PFAS materials, including cancer risk.

330.     Nevertheless, AFFF Defendants repeatedly assured and represented to governmental entities and the public (and continue to do so) that the presence of PFAS, including Short-Chain PFAS, in human blood at the levels found within the United States present no risk of harm and is of no legal, toxicological, or medical significance of any kind.

331.     At all relevant times, AFFF Defendants, individually and/or collectively, possessed the resources and ability but have intentionally, purposefully, recklessly, and/or negligently chosen not to fund or sponsor any study, investigation, testing, and/or other research of any kind of the nature that AFFF Defendants claim is necessary to confirm and/or prove that the presence of any one and/or combination of PFAS in human blood causes any disease and/or adverse health impact of any kind in humans, presents any risk of harm to humans, and/or is of any legal, toxicological, or medical significance to humans, according to standards AFFF Defendants deem acceptable.

332.     Even after an independent science panel, known as the "C8 Science Panel," publicly announced in the 2010s that human exposure to 0.05 parts per billion or more of one PFAS, PFOA, had "probable links" with certain human diseases, including kidney cancer, testicular cancer, ulcerative colitis, thyroid disease, preeclampsia, and medically-diagnosed high cholesterol, AFFF Defendants repeatedly assured and represented to governmental entities, their customers, and the public (and continue to do so) that the presence of PFAS in human blood at the levels found within

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

the United States presents no risk of harm and is of no legal, toxicological, or medical significance of any kind, and have represented to and assured such governmental entities, their customers, and the public (and continue to do so) that the work of the independent C8 Science Panel was inadequate.

333.    At all relevant times, AFFF Defendants shared and/or should have shared among themselves all relevant information relating to the presence, biopersistence, and bioaccumulation of PFAS in human blood and associated toxicological, epidemiological, and/or other adverse effects and/or risks.

334.    As of the present date, blood serum testing and analysis by AFFF Defendants, independent scientific researchers, and/or government entities has confirmed that PFAS materials are clinically demonstrably present in approximately 99% of the current population of the United States.

335.    There is no naturally-occurring "background," normal, and/or acceptable level or rate of any PFAS in human blood, as all PFAS detected and/or present in human blood is present and/or detectable in such blood as a direct and proximate result of the acts and/or omissions of Defendants.

336.    At all relevant times, Defendants, through their acts and/or omissions, controlled, minimized, trivialized, manipulated, and/or otherwise influenced the information that was published in peer-review journals, released by any governmental entity, and/or otherwise made available to the public relating to PFAS in human blood and any alleged adverse impacts and/or risks associated therewith, effectively preventing Plaintiffs from discovering the existence and extent of any injuries/harm as alleged herein.

337.    At all relevant times, Defendants, through their acts and/or omissions, took steps to attack, challenge, discredit, and/or otherwise undermine any scientific studies, findings, statements,

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

and/or other information that proposed, alleged, suggested, or even implied any potential adverse health effects or risks and/or any other fact of any legal, toxicological, or medical significance associated with the presence of PFAS in human blood.

338.    At all relevant times, Defendants, through their acts and/or omissions, concealed and/or withheld information from their customers, governmental entities, and the public that would have properly and fully alerted Plaintiffs to the legal, toxicological, medical, or other significance and/or risk from having any PFAS material in Plaintiffs' blood.

339.    At all relevant times, Defendants encouraged the continued and even further increased use of PFAS by their customers and others, including but not limited to the manufacture, use, and release, of AFFF containing PFAS and/or emergency responder protection gear or equipment coated with materials made with or containing PFAS, and tried to encourage and foster the increased and further use of PFAS in connection  with  as  many products/uses/and applications as possible, despite knowledge of the toxicity, persistence, and bioaccumulation concerns associated with such activities.

340.    To this day, Defendants deny that the presence of any PFAS in human blood, at any level, is an injury or presents any harm or risk of harm of any kind, or is otherwise of any legal, toxicological, or medical significance.

341.    To this day, Defendants deny that any scientific study, research, testing, or other work of any kind has been performed that is sufficient to suggest to the public that the presence of any PFAS material in human blood, at any level, is of any legal, toxicological, medical, or other significance.

342.    Defendants, to this day, affirmatively assert and represent to governmental entities, their customers, and the public that there is no evidence that any of the PFAS found in human

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

blood across the United States causes any health impacts or is sufficient to generate an increased risk of future disease sufficient to warrant diagnostic medical testing, often referring to existing studies or data as including too few participants or too few cases or incidents of disease to draw any scientifically credible or statistically significant conclusions.

343.    Defendants were and/or should have been aware, knew and/or should have known, and/or foresaw or should have foreseen that their design, marketing, development, manufacture, distribution, release, training and response of users, production of instructional materials, sale and/or other handling and/or use of AFFF containing PFAS would result in the contamination of the blood and/or body of Plaintiffs with PFAS, and the biopersistence and bioaccumulation of such PFAS in their blood and/or body.

344.    Defendants were and /or should have been aware, or knew and/or should have known, and/or foresaw or should have foreseen that allowing PFAS to contaminate the blood and/or body of Plaintiffs would cause injury, irreparable harm, and/or unacceptable risk of such injury and/or irreparable harm to Plaintiffs.

345.    Defendants did not seek or obtain permission or consent from Plaintiffs before engaging in such acts and/or omissions that caused, allowed, and/or otherwise resulted in Plaintiffs' exposure to AFFF and the contamination of Plaintiffs' blood and/or body with PFAS materials, and resulting biopersistence and bioaccumulation of such PFAS in their blood and/or body.

### B.    Defendants' History of Manufacturing and Selling AFFF

346.    3M began producing PFOS and PFOA by electrochemical fluorination in the 1940s.  In the 1960s, 3M used its fluorination process to develop AFFF.

347.    3M manufactured, marketed, and sold AFFF from the 1960s to the early 2000s.

348.    National Foam and Tyco/Ansul began to manufacture, market, and sell AFFF in the 1970s.

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

349.    Buckeye began to manufacture, market, and sell AFFF in the 2000s.

350.    In 2000, 3M announced it was phasing out its manufacture of PFOS, PFOA, and related products, including AFFF. 3M, in its press release announcing the phase out, stated "our products are safe," and that 3M's decision was "based on [its] principles of responsible environment management."  3M further stated that "the presence of these materials at [] very low levels does not pose a human health or environmental risk."  In communications with the EPA at that time, 3M also stated that it had "concluded that…other business opportunities were more deserving of the company's energies and attention…"

351.    Following 3M's exit from the AFFF market, the remaining AFFF Defendants continued to manufacture and sell AFFF that contained PFAS and/or its precursors.

352.    AFFF Defendants knew their customers warehoused large stockpiles of AFFF. In fact, AFFF Defendants marketed their AFFF products by touting its shelf-life. Even after AFFF Defendants fully understood the toxicity of PFAS, and their impacts to the health of humans following exposure, AFFF Defendants concealed the true nature of PFAS. While AFFF Defendants phased out production or transitioned to other formulas, they did not instruct their customers that they should not use AFFF that contained PFAS and/or their precursors. AFFF Defendants further did not act to get their harmful products off the market.

353.    AFFF Defendants did not warn public entities, firefighter trainees who they knew would foreseeably come into contact with their AFFF products, or firefighters employed by either civilian and/or military employers that use of and/or exposure to AFFF Defendants' products containing PFAS and/or its precursors would pose a danger to human health

354.    The Plaintiffs directly used, were exposed, and/or were given AFFF to help fight fires on a regular basis.

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

355. The Plaintiffs were never informed that this product was inherently dangerous. Nor were the Plaintiff warned about the known health risks associated with this product.

356. The Plaintiffs never received or were told to use any protective gear to guard against the known dangerous propensities of this product.

357. AFFF Defendants have known of the health hazards associated with AFFF and/or its compounds for decades and that in their intended and/or common use would harm human health.

358. Information regarding AFFF and its compounds were readily accessible to each of the above-referenced AFFF Defendants for decades because each is an expert in the field of AFFF manufacturing and/or the materials needed to manufacture AFFF, and each has detailed information and understanding about the chemical compounds that form AFFF products.

359. The AFFF Defendants' manufacture, distribution and/or sale of AFFF resulted in the Plaintiffs and other individuals who came in contact with the chemical to develop cancer.

360. The AFFF Defendants through their manufacturing, distribution and/or sale of AFFF, and through their involvement and/or participation in the creation of training and instructional materials and activities, knew, foresaw, and/or should have known and/or foreseen that the Plaintiffs and those similarly situated would be harmed.

361. The AFFF Defendants' products were unreasonably dangerous and the Defendants failed to warn of this danger.

### C.    PFAS-Containing Turnout Gear

399. During firefighting training and when responding to fires and performing fire extinguishment, firefighters wear turnouts that are intended to provide a degree of thermal, chemical, and biological protection for a firefighter. Turnout gear components include individual components such as a helmet, hood, jacket, pants and suspenders, boots, and gloves. Each component of the jacket and pants are made of an outer layer, as well as several inner layers that

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

include a moisture barrier and thermal liner which are meant to protect the firefighter from ambient heat.

400.    PFAS chemicals are used in turnout gear to impart heat, water, and stain resistance to the outer shell and moisture barrier of turnout gear.

401.    A June 2020 study of turnout gear by researchers at the University of Notre Dame analyzed 30 new and used turnout jackets and pants originally marketed, distributed and sold in 2008, 2014, and 2017, by six turnout gear makers, including Defendants MSA, Globe, Lion and Honeywell and found high levels of PFAS in turnout gear worn, used, or handled by firefighters, including the Firefighter Plaintiffs.

402.    When exposed to heat, PFAS chemicals in the turnouts off-gas, break down, and degrade into highly mobile and toxic particles and dust, exposing firefighters to PFAS chemicals, particles and dust, including through skin contact/absorption, ingestion (e.g., hand-to-mouth contact) and/or inhalation. Further firefighter exposure to these highly mobile and toxic materials occurs through normal workplace activities, because particles or dust from their turnouts spread to fire vehicles and fire stations, as well as firefighters' personal vehicles and homes.

403.    Such workplace exposure to PFAS or PFAS-containing materials has been found to be toxic to humans. As far back as a July 31, 1980 internal memo, DuPont officials described measures that were needed to prevent workplace exposure to PFOA, which they knew could permeate all protective materials, and noted that PFOA's toxicity varied depending on the exposure pathway, acknowledging that ingestion was "slightly toxic," dermal contact was "slightly to moderately toxic" and inhalation was "highly toxic." The memo concluded "continued exposure is not tolerable."

404.    As alleged herein, the Firefighter Plaintiffs wear and/or wore turnouts in the ordinary course of performing their duties, as the turnouts were intended to be used and in a foreseeable manner, which exposed them to significant levels of PFAS.

405.    The Firefighter Plaintiffs did not know, and in the exercise of reasonable diligence could not have known, that the turnouts they wore or used in the course of performing their duties

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

contained PFAS or PFAS-containing materials, and similarly did not know and could not have known that they routinely suffered exposure to PFAS or PFAS-containing materials in the turnouts they wore or used in performing their duties.  The turnout gear worn or used by the Firefighter Plaintiffs did not and does not contain labeling information saying that the gear contains PFAS, and similarly did not and does not warn the Firefighter Plaintiffs of the health risks associated with exposure to PFAS.

406.    Like fire departments across the country, many Plaintiffs only had one set of turnouts for years, and would wash their turnouts at home and/or in station machines along with their daily station wear uniforms.

## CAUSES OF ACTION

## COUNT I – NEGLIGENCE

407.    Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if restated in full herein.

408.    Defendants had a duty to individuals, including the Plaintiffs, to exercise reasonable ordinary, and appropriate care in the manufacturing, design, labeling, packaging, testing, instruction, warning, selling, marketing, distribution, and training related to the AFFF or TOG product.

409.    Defendants breached their duty of care and were negligent, grossly negligent, reckless and willful as described herein in the design, manufacture, labeling, warning, instruction, training, selling, marketing, and distribution of the AFFF or TOG products or underlying PFAS containing chemicals used in AFFF or TOG production in one or more of the following respects:

   a. Failing to design the products so as to avoid an unreasonable risk of harm to individuals, including the Plaintiffs;

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

b.  Failing to use reasonable care in the testing of the products so as to avoid an unreasonable risk of harm to individuals, including the Plaintiffs;

c.  Failing to use appropriate care in inspecting the products so as to avoid an unreasonable risk of harm to individuals, including the Plaintiffs;

d.  Failing to use appropriate care in instructing and/or warning the public as set forth herein of risks associated with the products, so as to avoid unreasonable risk of harm to individuals, including the Plaintiffs;

e.  Failing to use reasonable care in marketing, promoting, and advertising the products so as to avoid unreasonable risk of harm to individuals, including the Plaintiffs;

f.  Otherwise negligently or carelessly designing, manufacturing, marketing, distributing, warning; and

g.  In selling and or distributing a product which was inherently dangerous to the public;

410.   As a direct and proximate result of Defendants' negligence, the Plaintiffs have been injured, sustained severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care, comfort, economic loss and damages including, but not limited to medical expenses, lost income, and/or other damages.

WHEREFORE, the Plaintiffs pray judgments against the Defendants for actual, compensatory, consequential, and punitive damages, together with the costs of this action, and for such other and further relief as this Court may deem fit, just, and proper.

## COUNT II – BATTERY

411.   Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if restated in full herein.

412.   At all relevant times, Defendants possessed knowledge that the AFFF or TOG containing PFAS which they designed, engineered, manufactured, fabricated, sold, handled, released, trained users on, produced instructional materials for, used, and/or distributed were bio-persistent, bio- accumulative, toxic, potentially carcinogenic, and/or otherwise harmful/injurious

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

and that their continued manufacture, use, sale, handling, release, and distribution would result in Plaintiffs having PFAS in Plaintiffs' blood, and the biopersistence and bioaccumulation of such PFAS in Plaintiffs' blood.

413.    However, despite possessing such knowledge, Defendants knowingly, purposefully, and/or intentionally continued to engage in such acts and/or omissions, including but not limited to all such acts and/or omissions described in this Complaint, that continued to result in Plaintiffs accumulating PFAS in Plaintiffs' blood and/or body, and such PFAS persisting and accumulating in Plaintiffs' blood and/or body.

414.    Defendants did not seek or obtain permission or consent from Plaintiffs to put or allow PFAS materials into Plaintiffs' blood and/or body, or to persist in and/or accumulate in Plaintiffs' blood and/or body.

415.    Entry into, persistence in, and accumulation of such PFAS in Plaintiffs' body and/or blood without permission or consent is an unlawful and harmful and/or offensive physical invasion and/or contact with Plaintiffs' person and unreasonably interferes with Plaintiffs' rightful use and possession of Plaintiffs' blood and/or body.

416.    At all relevant times, the PFAS present in the blood of Plaintiffs originated from Defendants' acts and/or omissions.

417.    Defendants continue to knowingly, intentionally, and/or purposefully engage in acts and/or omissions that result in the unlawful and unconsented-to physical invasion and/or contact with Plaintiffs that resulted in persisting and accumulating levels of PFAS in Plaintiffs' blood.

418.    Plaintiffs, and any reasonable person, would find the contact at issue harmful and/or offensive.

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

419.    Defendants acted intentionally with the knowledge and/or belief that the contact, presence and/or invasion of PFAS with, onto and/or into Plaintiffs' blood serum, including its persistence and accumulation in such serum, was substantially certain to result from those very acts and/or omissions.

420.    Defendants' intentional acts and/or omissions resulted directly and/or indirectly in harmful contact with Plaintiffs' blood and/or body.

421.    The continued presence, persistence, and accumulation of PFAS in the blood and/or body of Plaintiffs is offensive, unreasonable, and/or harmful, and thereby constitutes a battery.

422.    The presence of PFAS in the blood and/or body of Plaintiffs altered the structure and/or function of such blood and/or body parts and resulted in cancer.

423.    As a direct and proximate result of the foregoing acts and omissions, Plaintiffs suffered physical injury for which Defendants are therefore liable.

WHEREFORE, the Plaintiffs pray judgments against the Defendants for actual, compensatory, consequential, and punitive damages, together with the costs of this action, and for such other and further relief as this Court may deem fit, just, and proper.

## COUNT III – INADEQUATE WARNING

424.    Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if restated in full herein.

425.    Defendants knew or should have known:

a) exposure to AFFF or TOG containing PFAS was hazardous to human health;

b) the manner in which they were designing, marketing, developing, manufacturing, distributing, releasing, training, instructing, promoting, and selling AFFF or TOG containing PFAS was hazardous to human health; and

c) the manner in which they were designing, marketing, developing, manufacturing, marketing, distributing, releasing, training, instructing, promotion and selling AFFF or

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

TOG containing PFAS would result in the contamination of Plaintiffs' blood and/or body as a result of exposure.

426.    Defendants had a duty to warn of the hazards associated with AFFF or TOG containing PFAS entering the blood and/or body of Plaintiffs because they knew of the dangerous, hazardous, and toxic properties of AFFF or TOG containing PFAS. Defendants failed to provide sufficient warning to purchasers that the use of their AFFF or TOG products would cause PFAS to be released and cause the exposure and bioaccumulation of these toxic chemicals in the blood and/or body of Plaintiffs.

427.    Adequate instructions and warnings on the AFFF or TOG containing PFAS could have reduced or avoided these foreseeable risks of harm and injury to Plaintiffs. If Defendants provided adequate warnings:

a)    Plaintiffs could have and would have taken measures to avoid or lessen exposure; and

b)    end users and governments could have taken steps to reduce or prevent the release of PFASs into the blood and/or body of Plaintiffs. Defendants' failure to warn was a direct and proximate cause of Plaintiffs' injuries from PFAS that came from the use, storage, and disposal of AFFF or TOG containing PFAS. Crucially, Defendants' failure to provide adequate and sufficient warnings for the AFFF or TOG containing PFAS they designed, marketed, manufactured, distributed, released, promoted, and sold renders the AFFF or TOG a defective product.

428.    Defendants were negligent in their failure to provide Plaintiffs with adequate warnings or instruction that the use of their AFFF or TOG products would cause PFAS to be released into the blood and/or body of Plaintiffs. As a result of Defendants' conduct and the resulting contamination, Plaintiffs suffered severe personal injuries by exposure to AFFF or TOG containing PFAS.

429.    Defendants' negligent failure to warn directly and proximately caused the harm to and damages suffered by Plaintiffs.

WHEREFORE, the Plaintiffs pray judgments against the Defendants for actual, compensatory, consequential, and punitive damages, together with the costs of this action, and for such other and further relief as this Court may deem fit, just, and proper.

## COUNT IV – DESIGN DEFECT

430.    Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if restated in full herein.

431.    Defendants knew or should have known:

a)  exposure to AFFF or TOG containing PFAS is hazardous to human health;

b)  the manner in which AFFF or TOG containing PFAS was designed, manufactured, marketed, distributed, and sold was hazardous to human health; and

c)  the manner in which AFFF or TOG containing PFAS was designed, manufactured, marketed, distributed, and could and would release PFAS into Plaintiffs and cause the exposure and bioaccumulation of these toxic and poisonous chemicals in the blood and/or body of Plaintiffs.

432.    Knowing of the dangerous and hazardous properties of the AFFF or TOG containing PFAS, Defendants could have designed, manufactured, marketed, distributed, and sold alternative designs or formulations of AFFF or TOG that did not contain hazardous and toxic PFAS. These alternative designs and formulations were already available, practical, and technologically feasible. The use of these alternative designs would have reduced or prevented reasonably foreseeable harm to Plaintiff caused by the Defendants' design, manufacture, marketing, distribution, and sale of AFFF or TOG containing hazardous and toxic PFAS.

433.    The AFFF or TOG containing PFAS that was designed, manufactured, marketed, distributed, and sold by the Defendants was so hazardous, toxic, and dangerous to human health that the act of designing, formulating, manufacturing, marketing, distributing, and selling this AFFF was unreasonably dangerous under the circumstances.

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

434.    The AFFF or TOG designed, formulated, manufactured, marketed, distributed, and sold by Defendants was defectively designed and the foreseeable risk of harm could and would have been reduced or eliminated by the adoption of a reasonable alternative design that was not unreasonably dangerous.  Defendants' defective design and formulation of AFFF or TOG containing PFAS was a direct and proximate cause of the contamination of the blood and/or body of Plaintiffs and the persistence and accumulation of PFAS in Plaintiffs' blood and/or body.

435.    Defendants' defective design and formulation of AFFF or TOG containing PFAS caused the contamination described herein resulting in personal injuries to Plaintiffs. As a direct result of the harm and injury caused by Defendants' defective design and the contamination described herein, Plaintiffs have been exposed to AFFF or TOG containing PFAS and other toxic substances and has developed cancer.

436.    Defendants' negligent failure to design a reasonably safe product directly and proximately caused the harm to and damages suffered by Plaintiffs.

WHEREFORE, the Plaintiffs pray judgments against the Defendants for actual, compensatory, consequential, and punitive damages, together with the costs of this action, and for such other and further relief as this Court may deem fit, just, and proper.

## COUNT V – STRICT LIABILITY (STATUTORY)

437.    Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if restated in full herein.

438.    Plaintiffs asserts any and all remedies available under statutory causes of action from Plaintiffs' states for strict liability against each Defendant.

439.    The Defendants were engaged in designing, manufacturing, marketing, selling, and distribution of AFFF or TOG.

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

440.    The AFFF or TOG was in a defective condition and unreasonably dangerous to users and/or consumers when designed, manufactured, marketed, sold, and/or distributed to the public by the Defendants.

441.    As a direct and proximate result of the Defendants products' aforementioned defects, the Plaintiffs have been injured, sustained severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care, comfort, economic loss and damages including, but not limited to medical expenses, lost income, and other damages.

442.    The Defendants are strictly liable in tort to the Plaintiffs for their wrongful conduct.

WHEREFORE, the Plaintiffs pray judgments against the Defendants for actual, compensatory, consequential, and punitive damages, together with the costs of this action, and for such other and further relief as this Court may deem fit, just, and proper.

## COUNT VI – STRICT LIABILITY (RESTATEMENT)

443.    Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if restated in full herein.

444.    The Plaintiffs bring strict product liability claims under the common law, Section 402A of the Restatement of Torts (Second), and/or Restatement of Torts (Third) against Defendants.

445.    As designed, manufactured, marketed, tested, assembled, equipped, distributed and/or sold by the Defendants the AFFF or TOG product was in a defective and unreasonably dangerous condition when put to reasonably anticipated use to foreseeable consumers and users, including the Plaintiffs.

446.    The Defendants had available reasonable alternative designs which would have made the AFFF or TOG product safer and would have most likely prevented the injuries and damages to the Plaintiffs, thus violating state law and the Restatement of Torts.

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

447.	The Defendants failed to properly and adequately warn and instruct the Plaintiffs as to the proper safety and use of the Defendants product.

448.	The Defendants failed to properly and adequately warn and instruct the Plaintiffs regarding the inadequate research and testing of the product.

449.	The Defendants' products are inherently dangerous and defective, unfit and unsafe for their intended and reasonably foreseeable uses, and do not meet or perform to the expectations.

450.	As a proximate result of the Defendants' design, manufacture, marketing, sale, and distribution of the products, the Plaintiffs have been injured and sustained severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care, comfort, and consortium, and economic damages.

451.	By reason of the foregoing, the Defendants are strictly liable for the injuries and damages suffered by the Plaintiffs, caused by these defects in the AFFF or TOG product.

WHEREFORE, the Plaintiffs pray judgments against the Defendants for actual, compensatory, consequential, and punitive damages, together with the costs of this action, and for such other and further relief as this Court may deem fit, just, and proper.

## COUNT VII – FRAUDULENT CONCEALMENT

452.	Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if restated in full herein.

453.	Throughout the relevant time period, Defendants knew that their products were defective and unreasonably unsafe for their intended purpose.

454.	Defendants fraudulently concealed from and/or failed to disclose to or warn the Plaintiffs, and the public that their products were defective, unsafe, and unfit for the purposes intended, and that they were not of merchantable quality.

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

455.    Defendants were under a duty to the Plaintiffs and the public to disclose and warn of the defective and harmful nature of the products because:

a)  Defendants were in a superior position to know the true quality, safety and efficacy of the Defendants' products;

b)  Defendants knowingly made false claims about the safety and quality of the Defendants' product in documents and marketing materials; and

c)  Defendants fraudulently and affirmatively concealed the defective nature of the Defendants' products from the Plaintiffs.

456.    The facts concealed and/or not disclosed by Defendants to the Plaintiffs were material facts that a reasonable person would have considered to be important in deciding whether or not to purchase and/or use the Defendants' products.

457.    Defendants intentionally concealed and/or failed to disclose the true defective nature of the products so that the Plaintiffs would use the Defendants' products, the Plaintiffs justifiably acted or relied upon, to Plaintiffs' detriment, the concealed and/or non-disclosed facts as evidenced by Plaintiffs' use of the Defendants' products.

458.    Defendants, by concealment or other action, intentionally prevented the Plaintiffs from acquiring material information regarding the lack of safety and effectiveness of the Defendants' products and are subject to the same liability to the Plaintiffs for Plaintiffs' pecuniary losses, as though Defendants had stated the non-existence of such material information regarding the Defendants' products' lack of safety and effectiveness and dangers and defects, and as though Defendants had affirmatively stated the non-existence of such matters that the Plaintiffs were thus prevented from discovering the truth. Defendants therefore have liability for fraudulent concealment under all applicable laws, including, inter alia, Restatement (Second) of Torts §550 (1977).

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

459.    As a proximate result of Defendants' conduct, the Plaintiffs have been injured, and sustained severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care, comfort, and economic damages.

WHEREFORE, the Plaintiffs pray judgments against the Defendants for actual, compensatory, consequential, and punitive damages, together with the costs of this action, and for such other and further relief as this Court may deem fit, just, and proper.

## COUNT VIII – BREACH OF EXPRESS AND IMPLIED WARRANTIES

460.    Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if restated in full herein.

461.    At all times relevant hereto, the Defendants manufactured, marketed, labeled, and sold the AFFF or TOG products that has been previously alleged and described herein.

462.    At the time the Defendants designed, developed, marketed, sold, labeled, and distributed the AFFF or TOG products, the Defendants knew of the use for which it was intended, and implied and/or expressly warranted that the product was merchantable, safe, and fit for its intended purpose.

463.    The Defendants warranted that the product was merchantable and fit for the particular purpose for which it was intended and would be reasonably safe. These warranties were breached, and such breach proximately resulted in the injuries and damages suffered by the Plaintiffs.

464.    The Plaintiffs are within the class of foreseeable users and reasonably relied upon Defendants' judgment, and the implied and/or express warranties in using the products.

465.    The Defendants breached their implied and/or express warranties and did not meet the expectations for the performance of the product when used for its intended use and was neither of

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

merchantable quality nor safe for its intended use in that the product has a propensity to cause serious injury, pain, and cancer.

WHEREFORE, the Plaintiffs pray judgments against the Defendants for actual, compensatory, consequential, and punitive damages, together with the costs of this action, and for such other and further relief as this Court may deem fit, just, and proper.

## COUNT IX – WANTONNESS

466.    Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if restated in full herein.

467.    Defendants and their employees, agents, officers, and representatives owed a duty of care to end users of their AFFF or TOG products, including Plaintiffs.

468.    Defendants breached the duty of care owed to the Plaintiffs.

469.    The actions of Defendants and their employees, agents, officers, and representatives were willful and wanton and exhibited a reckless disregard for the life, health, and safety of the end users of Defendants' AFFF or TOG products, including Plaintiffs.

470.    As a proximate and foreseeable consequent of the actions of Defendants, Plaintiffs were exposed to unreasonably dangerous toxic PFAS containing AFFF or TOG, which caused Plaintiffs' injury.

WHEREFORE, the Plaintiffs pray judgments against the Defendants for actual, compensatory, consequential, and punitive damages, together with the costs of this action, and for such other and further relief as this Court may deem fit, just, and proper.

## TOLLING OF THE STATUTE OF LIMITATIONS
### Discovery Rule Tolling

471.    Plaintiffs had no way of knowing about the risk of serious injury associated with the use of and exposure to PFAS until very recently.

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

472.    Within the time period of any applicable statute of limitations, Plaintiffs could not have discovered, through the exercise of reasonable diligence, that exposure to PFAS is harmful to human health.

473.    Plaintiffs did not discover and did not know of facts that would cause a reasonable person to suspect the risk associated with the use of and exposure to PFAS; nor would a reasonable and diligent investigation by Plaintiffs have disclosed that PFAS could cause personal injury.

474.    For these reasons, all applicable statutes of limitations have been tolled by operation of the discovery rule with respect to Plaintiffs' claims.

### Fraudulent Concealment Tolling

475.    All applicable statute of limitations have also been tolled by Defendants knowing and active fraudulent concealment and denial of the facts alleged herein throughout the time period relevant to this action.

476.    Instead of disclosing critical safety information regarding AFFF or TOG, Defendants have consistently and falsely represented the safety of AFFF or TOG products.

477.    This fraudulent concealment continues through present day.

478.    Due to this fraudulent concealment, all applicable statutes of limitations have been tolled by operation of the discovery rule with respect to Plaintiffs' claims.

### Estoppel

479.    Defendants were under a continuous duty to consumer, end users, and other persons coming into contact with their products, including Plaintiffs, to accurately provide safety information concerning its products and the risk associated with the use of and exposure to AFFF or TOG.

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192

480.    Instead, Defendants knowingly, affirmatively, and actively concealed safety information concerning AFFF or TOG and the serious risks associated with the use of and exposure to AFFF or TOG.

481.    Based on the foregoing, Defendants are estopped from relying on any statute of limitations in defense of this action.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgments against all Defendants, jointly and severally, on each of the above-referenced claims and Causes of Action as follows:

Awarding compensatory damages to Plaintiffs for past and future damages, including but not limited, to pain and suffering for severe and permanent personal injuries sustained by the Plaintiffs, health care costs, medical monitoring, together with interest and costs as provided by law;

Punitive and/or exemplary damages for the wanton, willful, fraudulent, and/or reckless acts of the Defendants who demonstrated a complete disregard and reckless indifference for the safety and welfare of the Plaintiffs and of the general public and to the Plaintiffs in an amount sufficient to punish Defendants and deter future similar conduct;

Awarding Plaintiffs attorneys' fees;

Awarding Plaintiffs the costs of these proceedings; and

Such other and further relief as this Court deems just and proper.

### JURY DEMAND

The Plaintiff hereby demands a trial by jury.

-SIGNATURE PAGE TO FOLLOW-

Respectfully Submitted,

**SOLOMON LAW GROUP, LLC**

_____
s/ Carl L. Solomon
Carl L. Solomon, S.C. Bar No. 7306
carl@solomonlawsc.com
3501 North Main Street
Columbia, SC 29203
Phone: (803) 391-3120

February 9, 2023

ELECTRONICALLY FILED - 2023 Feb 09 3:41 PM - ORANGEBURG - COMMON PLEAS - CASE#2023CP3800192